# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANITA BEGGS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:19-cv-01556-ACA |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Plaintiff Anita Beggs appeals the Social Security Commissioner's denial of her claim for a period of disability insurance benefits. (Doc. 1). Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.  PROCEDURAL HISTORY

Ms. Beggs applied for a period of disability and disability insurance benefits on December 16, 2016. (R. 143–49). Ms. Beggs' alleged disability onset date was December 15, 2016. (R. 10). Initially, the Social Security Administration denied Ms. Beggs' application. (R. 73–77). Ms. Beggs appeared with her attorney at a hearing before an Administrative Law Judge ("ALJ") on

November 13, 2018. (R. 27–55). The ALJ issued an unfavorable decision on November 30, 2018. (R. 7–20). The Appeals Council declined Ms. Beggs' request for review. (R. 1–6). The Appeals Council's denial of review makes the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178). The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986)).  Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).  The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly.  *See Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir. 1986).  The ALJ's decision must be affirmed where it is supported by substantial evidence in the record as a whole.  *See Martin v Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990); *Baker o/b/o Baker v. Sullivan,* 880 F.2d 319, 321 (11th Cir. 1989).

### III.  ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process.  The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ found that Ms. Beggs had severe impairments consisting of immune deficiency disorder, obesity and degenerative joint disease. (R. 12). But the ALJ found Ms. Beggs did not have an impairment or combination of impairments that met or equaled a listed impairment in any listing. (*Id*.).

After considering the evidence of record, the ALJ determined that Ms. Beggs had the residual functional capacity to perform a reduced range of light work, with

> frequent climbing of ramps/stairs; no climbing of ladders/ropes/scaffolds; occasional balancing; frequent stooping, kneeling, crouching, and crawling; frequent bilateral overhead reaching; frequent grasping bilaterally; no concentrated exposure to extreme temperatures, wetness, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants; avoid all exposure to hazards such as open flames, unprotected heights, and dangerous moving machinery; and must be allowed to alternately sit and stand every 30 minutes or so throughout the workday for the purpose of a brief postural change, but without leaving the workstation.

(R. 13). Relying on testimony from a vocational expert, the ALJ concluded that through her date last insured, there were jobs existing in significant numbers in the national economy that Ms. Beggs could perform. (R. 15). Accordingly, the ALJ determined that Ms. Beggs was not under a disability as defined by the Social Security Act. (R. 15).

## IV. DISCUSSION

Ms. Beggs argues that the court should reverse and remand the Commissioner's decision for two reasons: (1) the ALJ failed to properly articulate good cause for according less weight to the opinions of Ms. Beggs' treating physician; and (2) the ALJ failed to properly evaluate the credibility of Ms. Beggs' complaints of pain consistent with the Eleventh Circuit pain standard. (Doc. 9 at 6, 12). The court addresses each issue in turn.

### A. *Whether the ALJ Failed to Accord Proper Weight to Ms. Beggs' Treating Physician*

Ms. Beggs first argues that the Commissioner's decision should be reversed because the ALJ erred by failing to accord proper weight to Ms. Beggs' treating physician, Dr. McLain. (Doc. 9 at 6). It is well settled that the ALJ is to articulate his reasons for giving less weight to the opinion of a treating physician. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). That is exactly what the ALJ did here.

Ms. Beggs' initial argument is that the ALJ must give significant weight to Dr. McLain's opinion that she is "totally disabled." (Doc. 9 at 6–7). This is incorrect. The issue of whether an individual is disabled is a determination reserved for the Commissioner. 24 C.F.R. § 404.1527. Thus, "a statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the

ALJ] will determine that [the claimant is] disabled." *Id.* Accordingly, the Commissioner does "not give any special significance to the source of an opinion on [this] issue[]." 24 C.F.R. § 404.1527(d)(3).

Ultimately, the ALJ gave Dr. McLain's opinion diminished weight. (R. 14). The ALJ explained in his denial that Dr. McLain's opinion was not supported by Dr. McLain's objective examination. This court agrees. For example, Ms. Beggs claimed that the pain from her impairments rendered her disabled. (R. 13). But according to Dr. McLain's medical records, Ms. Beggs typically rated her pain a three or four out of ten and treated the pain with over the counter medication. (R. 277, 284, 303, 318, 453, 460, 486). In addition, Ms. Beggs' sole limitation on range of motion was at her left ankle (r. 302, 317, 459, 484), but she consistently demonstrated a normal balance and gait (r. 276, 283, 301, 317, 435, 442, 451–452, 474, 484). Further, Dr. McLain's records show that Ms. Beggs continuously declined electromyography/nerve conduction testing, which Dr. McLain suggested. (R. 444, 453, 460).

Moreover, Dr. McLain's opinion is not just inconsistent with the objective medical evidence, it is inconsistent with Ms. Beggs' activities of daily living. (R. 89). For instance, Ms. Beggs reported that she cooks and cleans (r. 188), can walk and drive or ride in car (r. 189), and shops for 1 – 2 hours once or twice a week (*id.*). Ms. Beggs

is able to follow written instructions and short verbal instructions, walk ¼ of a mile, and can go on camping trips. (R. 190–191).

The ALJ assessed a residual functional capacity for a range of light work with highly restrictive additional limitations, which included "allowing her to sit and stand every 30 minutes or so throughout the workday for the purpose of a brief postural change, but without leaving the workstation." (R. 14). There is nothing in Dr. McLain's records that supports more, or different, limitations be considered in making the assessment. Applying that assessment to the work force, the Vocational Expert testified that Ms. Beggs could still perform her past sedentary work as a receptionist and bookkeeper. (R. 52–53).

Because good cause existed for discounting Dr. McLain's opinion, substantial evidence supports the ALJ's decision to give the opinion diminished weight. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("We will not second guess the ALJ about the weight assigned the treating physician's opinion deserves so long as he articulates a special justification for it."); *Crawford*, 363 F.3d at 1159-61 (finding that substantial evidence supported the ALJ's decision to discredit the opinions of the claimant's treating physicians where those physicians' opinions regarding the claimant's disability were inconsistent with the physicians' treatment notes and unsupported by the medical evidence).

### B.     *Whether Substantial Evidence Supports the ALJ's Subjective Complaint Finding*

The ALJ is tasked with deciding whether a claimant's subjective complaints are consistent with the evidence of record. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Under Eleventh Circuit precedent, a claimant attempting to establish disability through testimony of pain or other subjective symptoms must show evidence of an underlying medical condition and either (1) "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted). Here, the ALJ found that Ms. Beggs' "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 14). Ms. Beggs contends that the ALJ did not properly assess her credibility consistent with the regulations. (Doc. 9 at 12).

Ms. Beggs' argument fails for two reasons. First, Ms. Beggs argues that the ALJ failed to consider her complete medical history when making his determination. (Doc. 9 at 14). In support of this contention, Ms. Beggs argues that the ALJ cites

only to her 2017 degenerative joint disease diagnoses. (Doc. 9 at 14). However, the ALJ explicitly stated that he considered the entire medical record when making his findings. (R. 14). Second, as discussed above, the objective findings contained in the medical records did not confirm the alleged severity of pain.

Importantly, and despite Ms. Beggs' argument to the contrary, the ALJ's residual functional capacity assessment specifically credits a number of Ms. Beggs' subjective pain complaints. For example, the ALJ limited her to a reduced range of light work after she testified she could not work because she was unable to perform her past restaurant duties. (R. 13, 38, 49). According to the Vocational Expert, Ms. Beggs' past restaurant work constitutes medium work. (R. 49). The ALJ accepted Ms. Beggs' testimony that she could not perform the work and assessed her residual functional capacity at a reduced range of light work. (R. 13). Additionally, Ms. Beggs testified that she had to alternate between sitting and standing every 30 minutes. (R. 45). The ALJ accepted that subjective complaint and specified in his assessment that she "must be allowed to alternately sit and stand every 30 minutes or so throughout the workday" (R. 13). The ALJ also adopted Ms. Beggs' assessment of her lifting and walking limitations by limiting her to sedentary work. (R. 15).

The record shows that the ALJ considered Ms. Beggs' condition as a whole when making his determination that her subjective reports about the intensity,

persistence, and limiting effect of her pain was not consistent with the medical evidence. Accordingly, substantial evidence supports the ALJ's credibility determination and his application of the pain standard.

## V. CONCLUSION

For the reasons explained above, the court concludes that the Commissioner's decision is supported by substantial evidence, and the Commissioner applied proper legal standards in reaching the determination. Therefore, the court **AFFIRMS** the Commissioner's final decision. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 13, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE